# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KALENA KRUEGER and<br>ALAXANDRA RUTELLA,<br><br>      Plaintiffs,<br><br>      v.<br><br>DR. NOAH'S ARK VETERINARY CLINIC;<br>NOAH ARNOLD; ABC INSURANCE<br>COMPANY<br><br>      Defendants | Case No.:<br><br>Jury Trial Demanded |

## COMPLAINT

NOW COME Plaintiffs Kalena Krueger and Alaxandra Rutella, by their attorneys, Cade Law Group, LLC, and as for their Complaint against Defendants Dr. Noah's Ark Veterinary Clinic. Noah Arnold, and ABC Insurance Company (collectively "Defendants", unless otherwise noted) allege and show to the Court as follows:

### INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) (1) and (3), as amended by Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex undertaken by Defendants, and to provide appropriate relief to Plaintiffs Kalena Krueger and Alaxandra Rutella.

2. Sexual harassment is a form of sex discrimination that violates Title VII. Unwelcome sexual advances and other verbal or physical conduct of a sexual nature constitute sexual harassment to the extent it affects an individual's employment, unreasonably interferes with an individual's work performance, or creates an intimidating,

hostile, or offensive work environment. This action seeks to provide appropriate relief to Plaintiffs Kalena Krueger and Alaxandra Rutella on this basis.

3. Title VII also bars retaliation against employees who seek to correct unlawful employment practices on the basis of sex undertaken by Defendants. This action seeks to provide appropriate relief to Plaintiffs Kalena Krueger and Alaxandra Rutella on this basis.

4. As alleged with greater particularity below, Defendants engaged in unlawful employment discrimination against Plaintiffs on the basis of their sex, and/or harassed and/or tolerated sexual harassment against them, and/or retaliated against them under Title VII.

**JURISDICTION**

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f) (1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

6. Plaintiffs Kalena Krueger and Alaxandra Rutella have complied with all jurisdictional prerequisites and conditions precedent to action under Title VII of the Civil Rights Act of 1964, by timely filing a charge of discrimination with the EEOC on August 12, 2020 and August 11, 2020, respectively. *See* **Exhibits A and B**.

7. Plaintiffs received notices of right to sue on September 18, 2010. *See* **Exhibits C and D**.

8. This Court has supplemental jurisdiction over any other claims Plaintiffs

2

Case 2:20-cv-01495-JPS   Filed 09/25/20   Page 2 of 19   Document 1

hostile, or offensive work environment. This action seeks to provide appropriate relief to Plaintiffs Kalena Krueger and Alaxandra Rutella on this basis.

3. Title VII also bars retaliation against employees who seek to correct unlawful employment practices on the basis of sex undertaken by Defendants. This action seeks to provide appropriate relief to Plaintiffs Kalena Krueger and Alaxandra Rutella on this basis.

4. As alleged with greater particularity below, Defendants engaged in unlawful employment discrimination against Plaintiffs on the basis of their sex, and/or harassed and/or tolerated sexual harassment against them, and/or retaliated against them under Title VII.

**JURISDICTION**

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f) (1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

6. Plaintiffs Kalena Krueger and Alaxandra Rutella have complied with all jurisdictional prerequisites and conditions precedent to action under Title VII of the Civil Rights Act of 1964, by timely filing a charge of discrimination with the EEOC on August 12, 2020 and August 11, 2020, respectively. *See* **Exhibits A and B**.

7. Plaintiffs received notices of right to sue on September 18, 2010. *See* **Exhibits C and D**.

8. This Court has supplemental jurisdiction over any other claims Plaintiffs

could make, pursuant to 28 U.S.C. §1367, because they would form part of the same case or controversy as the aforementioned claims.

9. Venue in this judicial district is proper, by virtue of 28 U.S.C. §1391, as Plaintiffs worked for Defendant Dr. Noah's Ark Veterinary Clinic in Shorewood, Wisconsin, which is in the Eastern District of Wisconsin, and Defendants live and/or do business in the Eastern District of Wisconsin.

**PARTIES**

10. Plaintiff Kalena Krueger ("Ms. Krueger") is an adult female citizen of the State of Wisconsin and residing in Milwaukee, Wisconsin. She is twenty-four (24) years of age.

11. Plaintiff Alaxandra Rutella ("Ms. Rutella") is an adult female citizen of the State of Wisconsin and residing in Milwaukee, Wisconsin. She is thirty-three (33) years of age.

12. Defendant Dr. Noah's Ark Veterinary Clinic ("Dr. Noah's Ark") is, and was at all material times, a Wisconsin for-profit corporation located and organized in the State of Wisconsin, for the purposes of providing veterinary services. Defendant Dr. Noah's Ark Veterinary Clinic's principal place of business is located in 4604 N. Wilson Drive, Shorewood, Wisconsin 53211.

13. Defendant Noah Arnold ("Dr. Arnold") is, and was at all material times, an adult white male residing, working, and doing business in the State of Wisconsin. He is the Registered Agent of Defendant Dr. Noah's Ark Veterinary Clinic, with an address of 9600 N. Lake Dr., Bayside, WI 53217 and is, by reasonable belief, a licensed veterinarian and the owner of Defendant Dr. Noah's Ark Veterinary Clinic.

14. Defendant ABC Insurance Company is believed to be, and is believed to have been at all material times, an insurance company that had in place a policy or policies which insured, totally or partially, Defendants Dr. Noah's Ark and/or Dr. Arnold for any or all liability for their actions against Plaintiffs.

## FACTS – PLAINTIFF KALENA KRUEGER

15. Plaintiff Kalena Krueger was employed by Defendants Dr. Noah's Ark, a veterinary clinic, as a Receptionist and began her employment with Dr. Noah's Ark in December 2019.

16. From the beginning, Dr. Noah Arnold, the veterinarian who was the owner of the clinic, made Ms. Krueger uncomfortable. During Ms. Krueger's job interview with Dr. Arnold, he had her sit on a chair while he sat on the floor in front of her, and he took off her shoes and threw them across the room. Dr. Arnold also asked Ms. Krueger if she was okay with working in a flirtatious environment, and if she had a boyfriend. This behavior and these questions confused Ms. Krueger and made her very uncomfortable.

17. Before coming to work at Dr. Noah's Ark, Ms. Krueger had previously worked as an exotic dancer. At the time Ms. Krueger was hired by Dr. Arnold, she also worked part-time as an online sex worker. Dr. Arnold somehow learned of this, but Ms. Krueger was assured by him and his mother, Janet Arnold ("Mrs. Arnold"), who is also Dr. Noah's Ark's Human Resources Manager, that Ms. Krueger's background would not be an issue.

18. In spite of Dr. Arnold's and Mrs. Arnold's assurances that Ms. Krueger's background would not be an issue, Dr. Arnold's wife found out about Ms. Krueger's background, by gaining access to Dr. Arnold's cellphone content, and pressured Dr.

Arnold to terminate Ms. Krueger, which he did on December 23, 2019. As a pretext for Ms. Krueger's termination because of her background, Dr. Arnold told Ms. Krueger that the reasons for her termination were business-related. Ms. Krueger subsequently learned that these articulated reasons were not true.

19. Dr. Arnold called Ms. Krueger the day after terminating her, and told her that he was rehiring her. Though Ms. Krueger did not know the actual reasons for her termination at the time, the fact that she was being rehired the very next day after being terminated struck her as odd.

20. Dr. Arnold seemed obsessed with Ms. Krueger's background as an online sex worker. It soon became apparent to Ms. Krueger that Dr. Arnold was trying to find her online sex website. At one point, Dr. Arnold texted Ms. Krueger, asking if he could show her something "inappropriate" and texted her a screenshot of her personal Instagram account, to which she had never given him access nor told him the name of the account. Dr. Arnold sent Ms. Krueger a friend request to her Instagram account, which she rejected.

21. Dr. Arnold eventually found Ms. Krueger's online sex website, and admitted to her that he had found it by "creeping on" mutual friends' social media pages. Dr. Arnold told Ms. Krueger that he had subscribed to her online sex website, and that he watched her online sexual content. This upset Ms. Krueger greatly, and she told Dr. Arnold to unsubscribe from her website.

22. Dr. Arnold told several of Ms. Krueger's coworkers at Dr. Noah's Ark about her online sex website, and even showed it to some of them.

23. Dr. Arnold repeatedly asked Ms. Krueger very personal questions about her

work as an online sex worker, which made it extremely stressful and uncomfortable for Ms. Krueger to be in his presence. Dr. Arnold would often call Ms. Krueger into an examination room, close the door, and have very inappropriate conversations with her, often telling his other employees not to interrupt him.

24. Dr. Arnold also constantly sent Ms. Krueger very personal – often bizarre – text messages, often very late at night, in spite of the fact that they were not friends and that their relationship was strictly work-related.

25. On April 4, 2020, Dr. Arnold announced to all Dr. Noah's Ark employees that he would be laying off people, and that all employees needed to write him a letter explaining to him why they thought they should stay employed. Solely motivated by fear that her job was in jeopardy, and in spite of her growing misgivings about Dr. Arnold's inappropriate behavior, Ms. Krueger wrote Dr. Arnold a letter in which she stated how her job had helped her move on from her background and how appreciative she was of being given the opportunity to work at a veterinary clinic. Quickly thereafter, Ms. Krueger found out that Dr. Arnold was not going to let any employees go after all, and she felt used and manipulated by him.

26. On or April 26, 2020, Plaintiff Alaxandra Rutella – who by then no longer worked at Dr. Noah's Ark – told Ms. Krueger that the real reason why Ms. Krueger had been terminated in December of 2019 was because Dr. Arnold's wife was not comfortable with someone with Ms. Krueger background working in close proximity to Dr. Arnold. Ms. Krueger asked three current employees at Dr. Noah's Ark if this was true, and they all confirmed that it was. Ms. Krueger felt humiliated and devastated. Dr. Arnold called Ms. Krueger through a random phone number that she did not recognize on the caller ID and

stated that he was angry at Ms. Rutella and the employees who had talked to Ms. Krueger for talking to Ms. Krueger behind his back.

27. Fed up with what she now recognized as a continuous pattern of harassment and discrimination (instead of a series of isolated incidents), Ms. Krueger made an internal complaint to Mrs. Arnold, the Human Resources Manager. Mrs. Arnold asked Ms. Krueger if Dr. Arnold made her uncomfortable. Ms. Krueger confirmed that he did, and detailed how. At a subsequent meeting with Mrs. Arnold, Ms. Krueger was asked to put her complaint in writing. Ms. Krueger put her complaint in writing but, far from being impartial and taking Ms. Krueger's seriously, Mrs. Arnold – who, again, is Dr. Arnold's mother – told Ms. Krueger that she did not believe her, because she knew Dr. Arnold, knew that her son was supposedly "not a pervert", and thought the written complaint portrayed him in a bad light. Mrs. Arnold did admit to Ms. Krueger that Dr. Arnold did not understand professional boundaries.

28. Mrs. Arnold also did nothing about Ms. Krueger's complaint for one month. During this month, Dr. Arnold continued to harass Ms. Krueger verbally and by continuing to send her very bizarre and personal text messages outside of work. Afterwards, Mrs. Arnold admitted to Ms. Krueger that she had not done anything with Ms. Krueger's complaint, including informing Dr. Arnold about it, much less investigating.

29. After Mrs. Arnold finally told Dr. Arnold that Ms. Krueger had complained about his behavior, Dr. Arnold sent Ms. Krueger a text message in which he attempted to make Ms. Krueger feel ashamed by the fact that she had complained about his behavior. Dr. Arnold also continued to harass Ms. Krueger verbally and by continuing to send her very bizarre and personal text messages outside of work, as if nothing had happened.

Ms. Krueger avoided Dr. Arnold as much as she could and did not answer his text messages or calls asking her to be available for him outside of work. Dr. Arnold expressed his frustration about this to Ms. Krueger and, at some point, managed to get through to her through a random phone number that she did not recognize on the caller ID.

30. Feeling trapped and hopeless at Dr. Arnold's continued inappropriate conduct and Mrs. Arnold's failure or refusal to take her complaint against her son seriously, Ms. Krueger had a full-blown mental and emotional breakdown and anxiety attack, consisting of hyperventilation, disassociating, and – on more than one occasion – breaking down and sobbing in front of her coworkers. She was, and remains, unable to sleep well at night. Because she cannot bear to work in a hostile work environment which is unresponsive to her concerns, Ms. Krueger went on medical leave.

31. Under Dr. Noah's Ark's policies, Ms. Krueger was entitled to paid medical leave, but she was informed by Mrs. Arnold that her paid leave allotment had been assigned to cover for her absences during the COVID-19 pandemic, when the clinic was closed. In spite of this, Ms. Krueger has had no choice but to go on leave, because of her current mental and emotional status.

32. Because Ms. Krueger needs her paycheck and recognizes that the current pandemic would make it very difficult for her to secure employment elsewhere, she has not quit her job, even though it seems like the only rational solution at this point. This situation, as well as the prospect of returning to work with her harasser, has caused – and continues to cause – Ms. Krueger immense stress and anxiety, and has severely impacted her mental health.

## FACTS – PLAINTIFF ALAXANDRA RUTELLA

33. Plaintiff Alaxandra Rutella was employed by Defendants Dr. Noah's Ark as a Receptionist and began her employment with Dr. Noah's Ark in April 2019.

34. From the beginning, Dr. Arnold made Ms. Rutella uncomfortable. It became clear to Ms. Rutella that Dr. Arnold simply had no boundaries in how he dealt with her. Even though they barely knew each other, and even though their relationship was strictly work-related, Dr. Arnold would constantly talk to Ms. Rutella – in person while in the clinic and by phone or video chat outside of work hours – about extremely personal things.

35. Specifically, Dr. Arnold constantly talked to Ms. Rutella about his sex life, in very graphic detail. Dr. Arnold was very graphic and specific in the things he told Ms. Rutella, and made explicit references to "blowjobs", "erect nipples", and adulterous affairs he was having, which he claimed often involved drugs.

36. Dr. Arnold would often call Ms. Rutella into an examination room, close the door, and tell other employees to not interrupt them. Whenever other employees tried to interrupt these conversations with work-related questions, Dr. Arnold would dismiss them and say that Ms. Rutella had asked to speak with him in private, which was untrue, as she was extremely uncomfortable during these interactions and wanted them to end.

37. Dr. Arnold also often texted Ms. Rutella after hours, sometimes very late into the night. Ms. Rutella felt helpless to stop these advances, as Dr. Arnold was her employer and the owner of the clinic. Dr. Arnold also constantly asked Ms. Rutella, unprompted, about her own relationship with her boyfriend, and asked her if she was physically attracted to a male coworker, even though Ms. Rutella had never hinted or suggested that she was. Dr. Arnold asked Ms. Rutella about her side work as a

9
Case 2:20-cv-01495-JPS    Filed 09/25/20    Page 9 of 19    Document 1

photographer, usually asking Ms. Rutella to show him graphic photographs that he erroneously assumed she had taken of her subjects. Ms. Rutella found these comments and requests offensive.

38. Ms. Rutella thought that Dr. Arnold was obsessed with sex. Dr. Arnold constantly spoke about other women's attractiveness to Ms. Rutella, and often commented in graphic detail about the physical appearance of other women, including clients. In relation to at least one client, Dr. Arnold told Ms. Rutella that he was sure that this client was physically attracted to him and wanted to have sex with him.

39. Dr. Arnold was inappropriate in his interactions with Ms. Rutella in other ways. On one occasion, Dr. Arnold play-wrestled with Ms. Rutella and picked her up in such a way that her face ended up in his crotch area. Ms. Rutella was mortified and humiliated, and ran off after this incident. On another occasion, at the clinic's holiday party, Dr. Arnold left his wife's side and went over to Ms. Rutella, after she had just arrived at the party, and stood behind her suggestively and told her in a lewd voice, "oh girl, you look good, the things I would do to you". Ms. Rutella felt violated, embarrassed and unsafe, and went home that night and cried, thinking about how gross she felt that Dr. Arnold had said that to her. On another occasion, Dr. Arnold called Ms. Rutella a "slut" in front of a client and told the client that Ms. Rutella was probably drunk. Ms. Rutella felt humiliated and belittled, particularly because she has conquered substance abuse, up to the present day.

40. As alleged before in relation to Ms. Krueger, on April 4, 2020, Dr. Arnold announced to all employees at Dr. Noah's Ark that he would be laying off people, that all employees needed to write a letter explaining why they thought they should stay

employed, and that he would keep those employees who wrote the most persuasive letters. Motivated solely by her desire to not be laid off, Ms. Rutella wrote a letter in which she thanked Dr. Arnold for the opportunity to work with animals. Ms. Rutella subsequently found out that Dr. Arnold was not going to let any employees go.

41. Ms. Rutella came to the conclusion that her entire tenure at Dr. Noah's Ark had been plagued by a long pattern of harassment (instead of a series of isolated incidents) that was not likely to stop, no matter how much she objected to Dr. Arnold's conduct, and decided to self-terminate her employment rather than expose herself to more harassment. Ms. Rutella gave her notice at Dr. Noah's Ark in late April of 2020, and gave Dr. Arnold the option of finishing a project on which she had been working, but Dr. Arnold rejected that offer and terminated Ms. Rutella.

42. Even after Ms. Rutella had left his employ, Dr. Arnold continued to send her harassing text messages which continued to make Ms. Rutella uncomfortable, even though she was no longer an employee at Dr. Noah's Ark. Dr. Arnold used Ms. Rutella's prior plea to keep her job when he had announced he was laying off people, in an attempt to manipulate her, minimize her workplace concerns, and make her seem untrustworthy. Ms. Rutella has also learned that, since her termination, Dr. Arnold has continued to portray Ms. Rutella as inept and incompetent, disparage her to other employees, and blame her for all sorts of issues, in an effort to discredit Ms. Rutella and tarnish her reputation with her former coworkers and her reputation in her career as a professional photographer.

## COUNT I – SEX DISCRIMINATION AND SEXUAL HARASSMENT

43. Plaintiffs Kalena Krueger and Alaxandra Rutella reallege and incorporate by reference the above paragraphs as if they were fully set forth herein.

44. Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully discriminated against Plaintiff Kalena Krueger on the basis of her sex when Defendant Dr. Noah's Ark Veterinary Clinic tolerated Defendant Noah Arnold's sexual harassment of Plaintiff Kalena Krueger, and/or failed or refused to timely and adequately investigate her internal complaint of sexual harassment, and/or failed or refused to timely and adequately address Defendant Noah Arnold's sexual harassment, and/or failed or refused to timely and adequately protect Plaintiff Kalena Krueger from Defendant Noah Arnold's sexual harassment, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

45. Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully discriminated against Plaintiff Kalena Krueger on the basis of her sex when they made decisions about Plaintiff Kalena Krueger's employment, including the decision to terminate her employment, for reasons related to her sex, including her private sex life, and/or online activity, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

46. As a result of Defendants' intentional discrimination and/or sexual harassment, Plaintiff Kalena Krueger has suffered damages in the form of back pay, lost earnings, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

47. Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully discriminated against Plaintiff Alaxandra Rutella on the basis of her sex when Defendant Dr. Noah's Ark Veterinary Clinic tolerated Defendant Noah Arnold's sexual harassment of Plaintiff Alaxandra Rutella, and/or failed or refused to timely and adequately address Defendant Noah Arnold's sexual harassment, and/or failed or refused to timely and adequately protect Plaintiff Alaxandra Rutella from Defendant Noah Arnold's sexual harassment, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

48. Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully discriminated against Plaintiff Alaxandra Rutella on the basis of her sex when they made decisions about Plaintiff Alaxandra Rutella's employment, including the decision to terminate her employment, for reasons related to her sex, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

49. As a result of Defendants' intentional discrimination and/or sexual harassment, Plaintiff Alaxandra Rutella has suffered damages in the form of back pay, lost earnings, front pay, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

## COUNT II – HOSTILE WORK ENVIRONMENT

50. Plaintiffs Kalena Krueger and Alaxandra Rutella reallege and incorporate by reference the above paragraphs as if they were fully set forth herein.

51. Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully discriminated against Plaintiff Kalena Krueger on the basis of her sex when Defendant Noah Arnold engaged in a pattern of unwelcome sexual advances and/or other verbal or

physical conduct of a sexual nature that unreasonably interfered with Plaintiff Kalena Krueger's work performance and/or created an intimidating, hostile, or offensive work environment, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

52. As a result of Defendants' intentional discrimination and/or sexual harassment, Plaintiff Kalena Krueger has suffered damages in the form of back pay, lost earnings, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

53. Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully discriminated against Plaintiff Alaxandra Rutella on the basis of her sex when Defendant Noah Arnold engaged in a pattern of unwelcome sexual advances and/or other verbal or physical conduct of a sexual nature that unreasonably interfered with Plaintiff Alaxandra Rutella's work performance and/or created an intimidating, hostile, or offensive work environment, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

54. As a result of Defendants' intentional discrimination and/or sexual harassment, Plaintiff Alaxandra Rutella has suffered damages in the form of back pay, lost earnings, front pay, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial

**COUNT III – RETALIATION**

55. Plaintiffs Kalena Krueger and Alaxandra Rutella reallege and incorporate by reference the above paragraphs as if they were fully set forth herein.

56. Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully and intentionally retaliated against Plaintiff Kalena Krueger for participating in legally-protected activity in the workplace, by allowing Defendant Noah Arnold to intimidate and confront Plaintiff Kalena Krueger about her internal complaint of sexual harassment and about her conversations with coworkers revealing the discriminatory nature of the termination of her employment, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

57. As a result of Defendants' intentional retaliation, Plaintiff Kalena Krueger has suffered damages in the form of back pay, lost earnings, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

58. Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold unlawfully and intentionally retaliated against Plaintiff Alaxandra Rutella by terminating her employment for participating in legally-protected activity in the workplace, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

59. As a result of Defendants' intentional retaliation, Plaintiff Alaxandra Rutella has suffered damages in the form of back pay, lost earnings, front pay, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

## COUNT IV – PUNITIVE DAMAGES

60. Plaintiffs Kalena Krueger and Alaxandra Rutella reallege and incorporate by reference the above paragraphs as if they were fully set forth herein.

61. Defendants ignored the long pattern of sexual harassment to which Defendant Noah Arnold subjected Plaintiff Kalena Krueger. Defendant Dr. Noah's Ark's Human Resources Manager, Janet Arnold, did nothing to address Plaintiff Kalena Krueger's complaint of sexual harassment and expressly told her that she did not believe Plaintiff Kalena Krueger, even before investigating her complaint.

62. Defendants ignored the long pattern of sexual harassment to which Defendant Noah Arnold subjected Plaintiff Alaxandra Rutella.

63. Plaintiffs Kalena Krueger and Alaxandra Rutella tried to resolve the present case extrajudicially. One of their conditions was that Defendants conduct anti-harassment training in the workplace, and that Defendant Noah Arnold undergo therapy or counseling. Defendants ignored these demands.

64. Plaintiffs Kalena Krueger and Alaxandra Rutella are both entitled to punitive damages, because Defendants Dr. Noah's Ark Veterinary Clinic and Noah Arnold were reckless and malicious in discriminating, harassing, and retaliating against Plaintiffs; tolerating the discrimination, harassment, and retaliation of Plaintiffs; and/or ignoring Plaintiffs' attempts to enact remedial measures that would have protected employees from harassment.

## COUNT V – INVASION OF PRIVACY

65. Plaintiff Kalena Krueger incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. Plaintiff Kalena Krueger has a right to privacy in Wisconsin, as recognized in Wis. Stat. §995.50. An "invasion of privacy" under Wisconsin law occurs when a person gives publicity "to a matter concerning the private life of another, of a kind highly offensive

to a reasonable person, if the defendant has acted either unreasonably or recklessly as to whether there was a legitimate public interest in the matter involved, or with actual knowledge that none existed[,]" and/or under Wis. Stat. §942.09, when a person disseminates representations of another person's nudity without the latter's authorization.

67. Defendant Noah Arnold invaded Plaintiff Kalena Krueger's privacy by purposely obtaining the location of her online sex website, telling several of Ms. Krueger's coworkers at Dr. Noah's Ark about her online sex website, and showing the contents of Ms. Krueger's website to some of these coworkers.

68. Defendant Noah Arnold's conduct unreasonably invaded Plaintiff Kalena Krueger's right to privacy and caused her damages, including emotional distress.

69. Plaintiff Kalena Krueger is entitled to equitable relief to prevent and restrain further invasion, compensatory damages, and a reasonable amount of attorney's fees, pursuant to Wis. Stat. § 995.50.

70. This Court has supplemental jurisdiction over Plaintiff Kalena Krueger's invasion of privacy claim, because it forms part of the same case or controversy as all the other aforementioned claims.

## COUNT VI – DEFAMATION

71. Plaintiff Alaxandra Rutella realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

72. After Plaintiff Alaxandra Rutella's employment was terminated, Defendant Noah Arnold has falsely told her former coworkers that she is to blame for several issues affecting Dr. Noah's Ark Veterinary, including fiscal and financial issues through which the business has gone through, and has cast aspersions on her honesty and competence.

These false statements made by Defendant Noah Arnold have been made either maliciously or negligently, without ensuring their accuracy or veracity.

73. As a result of Defendant Noah Arnold's false statements to third parties, Plaintiff Alaxandra Rutella has suffered damages in the form of mental anguish, lost earnings, attorney's fees and costs, and other damages that she will establish at trial.

74. Defendants are thus liable to Plaintiff Alaxandra Rutella for defamation.

75. This Court has supplemental jurisdiction over Plaintiff Kalena Krueger's invasion of privacy claim, because it forms part of the same case or controversy as all the other aforementioned claims.

**RELIEF**

WHEREFORE, Plaintiffs Kalena Krueger and Alaxandra Rutella respectfully request that this Court:

a. Enter a judgment that Defendants violated Title VII of the Civil Rights Act of 1964, as amended;

b. Enter judgment against Defendants and in favor of Plaintiffs Kalena Krueger and Alaxandra Rutella for compensatory damages;

c. Enter judgment against Defendants and in favor of Plaintiffs Kalena Krueger and Alaxandra Rutella for monetary relief;

d. Enter judgment against Defendants and in favor of Plaintiffs Kalena Krueger and Alaxandra Rutella for punitive damages;

e. Enter judgment against Defendants and in favor of Plaintiff Kalena Krueger for damages, due to invasion of her privacy;

f. Enter judgment against Defendants and in favor of Plaintiff Alaxandra

Rutella for damages, due to defamation;

      g.     Order Defendants to reinstate Plaintiffs Kalena Krueger and Alaxandra Rutella;

      h.     Award Plaintiffs Kalena Krueger and Alaxandra Rutella the costs of this action and reasonable attorney's fees; and

      i.     Grant Plaintiffs Kalena Krueger and Alaxandra Rutella such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Kalena Krueger and Alaxandra Rutella demand trial by a jury of their peers on all issues of fact.

Dated this 25th day of September, 2020.

**CADE LAW GROUP LLC**

By: *s/ Carlos R. Pastrana*
Carlos R. Pastrana
Nathaniel Cade, Jr.
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
carlos@cade-law.com
Attorneys for Plaintiffs Kalena Krueger and Alaxandra Rutella