**Exhibit B**

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA<br>☒ EEOC | 443-2020-02271 |

__Wisconsin Department of Workforce Development's Equal Rights Division__ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Alaxandra Rutella | (917) 454-8008 | 9/12/1987 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1201 E Glendale Ave. | Milwaukee, WI 53211 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Dr. Noah's Ark Veterinary Clinic | 30-plus | (414) 231-3333 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4604 N. Wilson Drive | Shorewood, WI 53211 |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **April 2019** Latest: **April 2020**
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

1. I was hired by Dr. Noah's Ark, a veterinary clinic, as a Receptionist on April 2019. From the beginning, Dr. Noah Arnold, the owner of the clinic made me uncomfortable. It became clear to me that Dr. Arnold simply had no boundaries in how he dealt with me. Even though we barely knew each other, and even though our relationship was strictly work-related, Dr. Arnold would constantly talk to me – in person while in the clinic and by phone or videochat outside of work hours - about extremely personal things, including his sex life, in very graphic detail, often calling me into an examination room, closing the door, and telling other employees to not interrupt us. Dr. Arnold was very graphic and specific in the things he told me, and made explicit references to "blowjobs", "erect nipples", and adulterous affairs he was having, which he claimed often involved drugs. Whenever other employees tried to interrupt these conversations with work-related questions, he would dismiss them and say that I had asked to speak with him in private, which was untrue, as I was extremely uncomfortable during these interactions and wanted them to end. Dr. Arnold also often texted me after hours, sometimes very late into the night. I felt helpless to stop these advances, as Dr. Arnold is the owner of the clinic. Dr. Arnold also constantly asked me, unprompted, about my own relationship with my boyfriend, and asked me if I was physically attracted to a male coworker, even though I had never hinted or suggested that I was. He asked me about my side work as a photographer, usually asking me to show him graphic photographs that he erroneously assumed I had taken of my subjects. I found these comments and requests offensive, and I thought that Dr. Arnold was obsessed with sex. Dr. Arnold spoke about other women's attractiveness to me

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 8-11-20
Charging Party Signature: *[signature]*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

| EEOC Form 5 (11/09) | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>443-2020-02271 |
| Wisconsin Department of Workforce Development's Equal Rights Division and EEOC | | |
| *State or local Agency, if any* | | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

constantly, often commenting in graphic detail about the physical appearance of other women, including clients.

On one occasion, Dr. Arnold play-wrestled with me and picked me up in such a way that my face ended up in his crotch area. I was mortified and humiliated, and ran off after this incident. On another occasion, at the clinic's holiday party, Dr. Arnold left his wife's side and went over to me, after I had just arrived, and stood behind me and told me in a lewd voice, "oh girl, you look good, the things I would do to you". I felt violated, embarrassed and unsafe, and went home that night and cried, thinking about how gross I felt that Dr. Arnold had said that to me. On another occasion, Dr. Arnold called me a "slut" in front of a client and told the client that I was probably drunk. I felt humiliated and belittled, particularly because I had conquered substance abuse, up to the present day.

On April 4, 2020, Dr. Arnold announced to all employees at Noah's Ark that he would be laying off people, that all employees needed to write a letter explaining why they thought they should stay employed, and that he would keep those who wrote the most persuasive letters. I wrote a letter in which I thanked Dr. Arnold for the opportunity to work with animals. I subsequently found out that Dr. Arnold was not going to let any employees go. Dr. Arnold posted the letter I had written in his office, for everyone to see, to manipulate me, minimize my workplace concerns, and make me seem untrustworthy.

I came to the conclusion that my entire tenure at Noah's Ark had been plagued by a long pattern of harassment (instead of a series of isolated incidents) that was not likely to stop, no matter how much I objected to Dr. Arnold's conduct, and decided to self-terminate my employment rather than expose myself to more harassment. I gave my notice in late April of 2020, and offered to finish the project of designing his website remotely, but Dr. Arnold rejected that offer and terminated me. Even after this, Dr. Arnold continued to send me bizarre stream-of-consciousness text messages which continued to make me uncomfortable, even though I was no longer in his employ. He constantly berated me as inept and incompetent, and disparaged me to other employees after I had left, and blamed me for all sorts of issues, in an effort to discredit me with my former coworkers.

2. Sexual harassment is a form of sex discrimination that violates Title VII of the Civil Rights Act of 1964. Unwelcome sexual advances and other verbal or physical conduct of a sexual nature constitute sexual harassment to the extent it affects an individual's employment, unreasonably interferes with an individual's work performance, or creates an intimidating, hostile, or offensive work environment. Dr. Arnold's inappropriate conduct was a pattern of unlawful conduct so incessant and pervasive that, both while I was employed by him and afterwards, I have had trouble sleeping and felt under constant stress and anxiety, to the point I have had to seek professional help to manage this stress and anxiety.

As a direct and proximate cause of Noah's Ark's actions, I have suffered damages, including, but not limited to, emotional distress and physical harm, mental anguish, loss of reputation, loss of past wages, loss of future wages, loss of benefits, attorneys' fees, costs, and other expenses as allowed by law. Noah's Ark's reckless indifference as to my rights, including its pattern of harassment, discrimination, and retaliation entitles me to punitive damages.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 8-11-20 *[signature]*<br>Date — Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.